1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GAIL SPICUZZA,

             Plaintiff,

   v.

LISS FINANCIAL SERVICES, et al,

             Defendants.

CASE NO. C06-1244JLR

ORDER

This matter comes before the court *sua sponte* after review of a pleading filed on behalf of Plaintiff Gail Spicuzza titled "Application to Reconsider or Vacate Securities Arbitration Award" (Dkt # 3). The court has reviewed the pleadings and supporting documents and enters the following order to address improper actions and rule violations by Ms. Spicuzza's non-lawyer representative, Mr. Robert Karoly.

**I. ANALYSIS**

**A.     Ms. Spicuzza May Not Be Represented by Mr. Karoly or Investor's Recovery Specialist.**

In federal court, a plaintiff may represent herself or be represented by an attorney. Any person is entitled to represent herself in litigation, and Ms. Spicuzza is entitled to

ORDER – 1

represent herself in these proceedings.  However, strict rules govern when one person can represent *another* person.

Court rules require that the person providing legal representation must be an attorney.  One must, generally, have gone to law school, passed the bar exam, gained admission to the bar association, and have been admitted to practice in the court where the case is filed.  In this district, the Local Rules also require that an attorney representative first be admitted to practice in the Western District of Washington.

### 1. Mr. Karoly is Not a Lawyer and is Unlawfully Practicing Law in the U.S. District Court for the Western District of Washington

Mr. Karoly, the person purporting to represent the Plaintiff, is not a lawyer.  His corporate entity, "Investor's Recovery Specialist," is not a law firm.  See Notice of Application, Ex. 5 (Friedman Letter) ("We repeat, *we are not a law firm.*  Investor's Recovery Specialist, Inc. is an arbitration management company.  Investors come to us rather than to law firms.") (emphasis added).[1]  By preparing and filing documents, exhibits, and pleadings on behalf of Ms. Spicuzza, Mr. Karoly is practicing law in federal court.  A person who is not an attorney admitted to practice in the Western District of Washington may not represent any person or corporate entity before this court.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-698 (9th Cir. 1987).  Mr. Karoly exchanged correspondence with the Clerk's Office, signed pleadings, signed the cover sheet, and submitted a variety of other documents on behalf of Ms. Spicuzza.[2]  All of this was improper.

---

[1] In one attached filing Mr. Karoly notes his affiliation with certain law firms.  His affiliation with a law firm is of no consequence.  It is only significant that he brought this suit on behalf of Ms. Spicuzza without involving counsel.

[2] The pleadings submitted by Mr. Karoly (on behalf of Ms. Spicuzza) demonstrate a complete lack of comprehension for the relevant legal principles.  Conduct like Mr. Karoly's is the reason that non-attorneys are prohibited from practicing before the court.

ORDER – 2

Put simply, there is no room in federal court for an "arbitration management company" pretending to be a lawyer. Mr. Karoly is not an attorney and his activities are absolutely prohibited. Mr. Karoly's activities and filings in this case constitute the unauthorized practice of law, which may constitute a misdemeanor or felony under Washington law.[3] Pursuant to Local Rules W.D. Wash. GR 2(a), only attorneys admitted to practice in the Western District of Washington may practice before this court. Because he is not an attorney and is not admitted to practice before this court, Mr. Karoly's actions constitute a violation of the Local Rules.

Mr. Karoly may not represent Ms. Spicuzza or Investor's Recovery Specialist. Ms. Spicuzza must obtain counsel or proceed as pro se litigant. Investor's Recovery Specialist is a corporate entity, not a law firm, and cannot represent anyone, including itself or Ms. Spicuzza. See C.E. Pope Equity Trust, 818 F.2d at 697-698. If Investor's Recovery Specialist believes it has a role in these proceedings, it must obtain counsel. Id. A corporation must be represented by counsel; Mr. Karoly will not be permitted to sign any pleadings or filings on behalf of Investor's Recovery Specialist.

### 2. Mr. Karoly Submitted Pleadings Which Do Not Comply with Federal Rules and Those Pleadings are Stricken

Rule 11(a) requires that pleadings be signed by at least one attorney. If the party is not represented by an attorney, the pleading must be signed by the party. See Fed. R. Civ. P. 11(a). Ms. Spicuzza did not sign any pleadings in this case. Mr. Karoly signed the pleadings in this matter, but he has no authority to do so. The court therefore STRIKES the pleadings filed thus far in the case which were signed only by Mr. Karoly

---

[3] Mr. Karoly's filings raises serious questions as to whether he has engaged in the unauthorized practice of law. Washington provides criminal penalties for the unauthorized practice of law: the "[u]nlawful practice of law is a crime. A single violation of this section is a gross misdemeanor . . . Each subsequent violation of this section, whether alleged in the same or in subsequent prosecutions, is a class C felony." RCW 2.48.180(3).

ORDER – 3

(Dkt. ## 1, 2, 3). In future filings, Ms. Spicuzza or her new attorney may sign pleadings on her behalf; Mr. Karoly may not.

If Investor's Recovery Specialist believes it is a proper plaintiff in this matter, then its attorney may sign pleadings. The court will not accept filings signed by Mr. Karoly on behalf of any party. Ms. Spicuzza may obtain counsel or represent herself as a pro se litigant. However, Mr. Karoly's improper use of electronic signatures for Ms. Spicuzza's pleadings forces the court to prevent further abuse of the electronic signature. Plaintiff's right to use electronic signature for pleadings filed by Ms. Spicuzza is hereby revoked, unless she obtains an attorney. Electronic signatures will not be permitted in this case except for the signatures of attorneys admitted to practice in the Western District of Washington.

**B.     No Prejudice to Ms. Spicuzza**

This court's order addresses Mr. Karoly's improper conduct in connection with a lawsuit filed on behalf of Ms. Spicuzza. The court does not hold Mr. Karoly's actions against Ms. Spicuzza. It appears that Ms. Spicuzza had no awareness or understanding of Mr. Karoly's improper conduct, and no awareness of his incompetence to litigate on her behalf. It seems unlikely that Mr. Karoly informed Ms. Spicuzza that he would be practicing law without a license on her behalf. The court's order is therefore without prejudice to the merits of whatever claims Ms. Spicuzza may have against the named Defendants.

The court urges Ms. Spicuzza to consider employing counsel to represent her as she pursues these claims.

## II.  CONCLUSION

Mr. Robert Karoly is not a lawyer and is precluded from representing any person or corporate entity in the Western District of Washington. The court STRIKES the pleadings signed by Mr. Karoly (Dkt. ## 1, 2, 3). Ms. Spicuzza may re-file her complaint

ORDER – 4

and civil cover sheet pro se or after obtaining counsel. Ms. Spicuzza must re-file within 20 days of this order of this matter will be dismissed without prejudice. Investor's Recovery Specialist may join Ms. Spicuzza as a Plaintiff only after obtaining counsel, and only after Ms. Spicuzza consents to its joinder in this action.

The court will not accept or consider any additional filings signed by Mr. Karoly on behalf of Ms. Spicuzza or Investor's Recovery Specialist.

Dated this 15th of September, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 5