UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAIL SPICUZZA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LISS FINANCIAL SERVICES, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C06-1244JLR<br><br>ORDER |

This matter comes before the court *sua sponte* after review of an amended pleading filed by Mr. Robert Karoly on behalf of Plaintiff Gail Spicuzza titled "Application to Reconsider or Vacate Securities Arbitration Award" (Dkt # 10). The court DISMISSES the case without prejudice. Ms. Spicuzza failed to properly re-file her complaint pro se or by counsel as directed by this court's September 15, 2006 order (Dkt. # 4).

Should Mr. Karoly submit further filings on behalf of Ms. Spicuzza, the court will issue monetary sanctions against him personally and refer him to the Washington State Bar Association for engaging in the unauthorized practice of law. Mr. Karoly's activities constitute a crime under Washington law.

## I. BACKGROUND

Mr. Karoly filed the original pleading in this matter, entitled "Application to Reconsider or Vacate Arbitration Award," on behalf of Ms. Spicuzza as claimant and

ORDER – 1

Investor's Recovery Specialists, Inc. as petitioner (Dkt. # 3).  Mr. Karoly, who identified himself as President of Investor's Recovery Specialists, Inc.[1] is not a lawyer.

On September 15, 2006, this court ordered that Mr. Karoly could not sign any pleadings on behalf of Ms. Spicuzza or Investor's Recovery Specialists, Inc. (Dkt. # 4). The court struck all papers signed by Mr. Karoly and gave Ms. Spicuzza twenty days to re-file her pleadings, pro se or through counsel.

On October 11, 2006, Mr. Karoly filed an amended pleading entitled "Notice of Filing of Application to Reconsider or Vacate Award" (Dkt. # 10).  The pleading purported to be on behalf of Ms. Spicuzza and Mr. Karoly, each as a "Claimant/Petitioner Pro Se." On October 20, 2006, Mr. Karoly filed additional documents; he explained, "[o]ur staff amended the complaint for filing within the court's parameters which left little time for accuracy . . . please exchange the attached Exhibits with the previous amended Complaint filing" (Dkt. # 15).

## II.  ANALYSIS

**A.   Mr. Karoly's Representation of Ms. Spicuzza Constitutes the Unauthorized Practice of Law.**

In federal court, a plaintiff may represent herself or be represented by an attorney. See 28 U.S.C. § 1654. Although a non-attorney may appear on his own behalf, that right is personal to him. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). A non-attorney has no authority to appear as an attorney for persons other than himself. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987).

Washington provides criminal penalties for the unauthorized practice of law by a non-lawyer: the "[u]nlawful practice of law is a crime. A single violation of this section is a gross misdemeanor . . . Each subsequent violation of this section, whether alleged in the same or in subsequent prosecutions, is a class C felony." RCW 2.48.180(3).

---

[1] More recently, Mr. Karoly identifies himself as being associated with Robert E. Karoly & Associates (Dkt. #10).

ORDER – 2

As the court previously noted in its September 15, 2006 order, Mr. Karoly, who claims to represent Ms. Spicuzza, is not a lawyer. The court reiterates that it will not accept any filings submitted and signed by Mr. Karoly on behalf of Ms. Spicuzza. Mr. Karoly apparently believes that he can circumvent the court's prior order by identifying Ms. Spicuzza as a pro se petitioner. Mr. Karoly is mistaken. His insertion of this language is of no consequence. Like the original complaint, Mr. Karoly prepared, signed, and filed the amended pleading. As Mr. Karoly himself explained, "[o]ur staff amended the Complaint . . . ." See Dkt. # 15. Ms. Spicuzza's right to appear pro se belongs exclusively to Ms. Spicuzza. If Ms. Spicuzza chooses to re-file as a pro se plaintiff, she alone must prepare, sign, and file her pleadings. Alternatively, the court urges Ms. Spicuzza to consider employing counsel to represent her as she pursues her claim.

Mr. Karoly's activities and filings once again constitute the unauthorized practice of law, which, as noted above, carries the risk of criminal misdemeanor or felony charges under Washington law.[2] Indeed Mr. Karoly's conduct invokes the very concerns that underpin the prohibition against the unauthorized practice of law. He is incompetent to litigate on Ms. Spicuzza's behalf. While Ms. Spicuzza has a right to represent herself, this court will not allow the merits of her claim to be prejudiced by Mr. Karoly's reprehensible behavior.

## II.  CONCLUSION

The court DISMISSES the case without prejudice.

Mr. Robert Karoly is not a lawyer. He may not represent any person or corporate entity in the Western District of Washington. This court has now twice warned Mr. Karoly that his activities constitute a crime under Washington law. Should Mr. Karoly

---

[2] Mr. Karoly's actions also constitute a violation of the court's Local Rules, which provide that only attorneys admitted to practice in the Western District of Washington may practice before this court. Local Rules W.D. Wash. GR 2(a).

ORDER – 3

1  continue to pursue claims on behalf of Ms. Spicuzza, the court will refer him to the
2  Washington State Bar Association and impose monetary sanctions.
3      Dated this 26th day of October, 2006.

/s/ James L. Robart

JAMES L. ROBART
United States District Judge

ORDER – 4